**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID M. HENDY, | DOCKET NUMBER |
| Appellant, | CH-3330-18-0110-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: May 3, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David M. Hendy, Chicago, Illinois, pro se.

Zane Perry Schmeeckle, Esquire, Kansas City, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, for the reasons discussed below, we VACATE the initial decision, DISMISS the appeal as untimely filed, and FORWARD the appellant's additional, unadjudicated VEOA claim to the regional office for docketing as a new VEOA appeal.

## BACKGROUND

At an unspecified time, the appellant filed a VEOA complaint with the Department of Labor (DOL), which designated his complaint as claim number IL-2018-001-VPH. Initial Appeal File (IAF), Tab 1 at 4-5. In a letter dated November 14, 2017, a DOL investigator informed the appellant that his veterans' preference complaint had been closed because it was not filed within the statutory deadline of 60 days from the date of the alleged violation. *Id.* On December 14, 2017, the appellant filed this Board appeal seeking corrective action under VEOA, and he requested a hearing. *Id.* at 1-3.

The administrative judge apprised the appellant of the elements and burdens of proving jurisdiction, exhaustion, and timeliness regarding a VEOA appeal, and she ordered the parties to respond on those issues. IAF, Tab 3. Regarding the timeliness of the Board appeal, she informed the appellant that a VEOA appeal must be filed with the Board no later than 15 calendar days after the date on which he received written notice from the Secretary of Labor that DOL had not resolved his complaint. *Id.* at 5. She further explained that VEOA

filing deadlines may not be waived for good cause, but they are subject to equitable tolling. *Id.* She ordered the appellant to file a statement with supporting documentation on the timeliness issue, including whether the filing deadlines should be equitably tolled. *Id.* at 6. The parties responded. IAF, Tabs 4, 9-14.

Without holding the requested hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action under VEOA. IAF, Tab 15, Initial Decision (ID) at 1, 6. Specifically, she found that the appellant failed to nonfrivolously allege that his DOL complaint was filed within the 60-day statutory time limit or to allege any basis for equitably tolling the filing deadline. ID at 4-6. She further found that the appellant failed to nonfrivolously allege a VEOA claim. ID at 6 n.5.

The appellant has filed a petition for review, and he has included supplemental documentation. Petition for Review (PFR) File, Tabs 7-32.[2] The agency has filed a response, PFR File, Tab 35, to which the appellant has replied, PFR File, Tab 36.[3]

---

[2] The appellant's initial petition for review was untimely filed by 1 day. PFR File, Tab 1, Tab 2 at 2. He has filed a motion to waive the time limit for filing a petition for review based on illness. PFR File, Tab 34. We find good cause to grant his motion. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998) (explaining that the Board will find good cause for waiver of its filing time limits when a party demonstrates that he suffered from an illness that affected his ability to file on time); *see also* 5 C.F.R. § 1201.114(g). We further find that the agency has not alleged or shown that it would be prejudiced by a waiver of the time limit. *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 63 (1995) (explaining that, if good cause has been demonstrated, then the Board determines whether the agency has shown that it would be prejudiced by a waiver of the time limit), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

[3] The agency has filed a motion for leave to file an additional pleading addressing the appellant's allegedly new claims raised in his reply. PFR File, Tab 37; *see* 5 C.F.R. § 1201.114(a)(5). Alternatively, the agency requests the Board to strike such claims for failure to comply with 5 C.F.R. § 1201.114(a)(4). PFR File, Tab 37. We deny the agency's alternative request because the appellant's reply elaborates on his claim concerning a new DOL complaint (IL-2018-008-VPH) that he previously set forth in his petition for review. PFR File, Tab 7 at 25, Tab 36 at 7, 9-11, 18-19; *cf. Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 22 n.3 (2016) (declining to consider

## DISCUSSION OF ARGUMENTS ON REVIEW

For the following reasons, we vacate the initial decision denying the appellant's request for corrective action under VEOA, and we dismiss the appeal as untimely filed. *See, e.g.*, *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶¶ 6-8 (2007) (addressing the merits of the appellant's request for corrective action after first determining that his VEOA appeal was timely filed). Because it is unclear from the existing record what alleged veterans' preference violations the appellant raised before DOL as part of claim number IL-2018-001-VPH and when he filed such complaint, we are unable to determine whether his DOL complaint was timely filed within the 60-day time limit set forth at 5 U.S.C. § 3330a(a)(2)(A). *See Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 16 (2012) (explaining that the statute requires that the complaint be filed with DOL within 60 days after the date of the alleged violation of veterans' preference rights). In particular, although the appellant alleged that he called the DOL hotline and was sent a link to file a claim on August 28, 2017, he did not explain when he filed a complaint. IAF, Tab 4 at 28. Further, the appellant provided evidence of a DOL complaint dated October 20, 2017, in which he alleged that he was denied reinstatement on October 16, 2017, in violation of his veterans' preference rights.[4] IAF, Tab 14 at 9-19. In addition, the appellant submitted a copy of another DOL closeout letter dated January 19, 2018,

the agency's argument that it raised for the first time in its reply). Further, we deny the agency's motion because we have not considered the appellant's allegations and evidence concerning the new DOL complaint (IL-2018-008-VPH), which is the subject of a separate VEOA appeal docketed as *Hendy v. Department of Veterans Affairs*, MSPB Docket No. CH-3330-18-0514-I-1. PFR File, Tab 7 at 25, Tab 36 at 7, 9-11, 18-19; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (observing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[4] Although part of the DOL complaint is also dated October 25, 2017, we need not resolve this discrepancy. IAF, Tab 14 at 9-13.

concerning case number IL-2018-002-VPH.  IAF, Tab 11 at 22-23.  The letter indicates that, on November 21, 2017, the appellant timely filed a VEOA complaint with DOL regarding his alleged nonselection for three positions.  *Id.* The administrative judge did not address either the DOL complaint dated October 20, 2017, or the DOL close-out letter dated January 19, 2018.

An appellant has the burden of proving by preponderant evidence the timeliness of his Board appeal.  5 C.F.R. § 1201.57(c)(2).  Pursuant to 5 U.S.C. § 3330a(d)(1)(B), a complainant must file a VEOA appeal with the Board within 15 days after he receives written notification from DOL that his VEOA complaint has not been resolved.  *See Gingery v. Department of the Treasury*, 110 M.S.P.R. 83, ¶ 23 (2008).  Failure to meet this 15-day statutory filing deadline will result in the dismissal of the VEOA appeal on timeliness grounds unless the appellant can establish a basis for equitable tolling.  *See id.*, ¶¶ 24-25 (remanding the VEOA appeal for the administrative judge to provide the parties an opportunity to address whether the 15-day filing deadline should be equitably tolled); *see also Williamson*, 106 M.S.P.R. 502, ¶ 6 (explaining that the 15-day filing deadline cannot be waived and that the Board must dismiss an appeal filed beyond that deadline, but also that the deadline is subject to equitable tolling).

As an initial matter, we find that the appellant has received clear notice of the precise timeliness issue in this appeal and a full and fair opportunity to litigate it.  *See Wright v. Department of Transportation*, 99 M.S.P.R. 112, ¶¶ 12-13 (2005) (finding that the appellant was entitled to clear notice of the precise timeliness issue in the appeal and a full and fair opportunity to litigate it). IAF, Tab 3 at 5-6, Tab 9 at 11-12

After reviewing the parties' evidence and argument on the timeliness issue, we find that the appellant has failed to prove that he timely filed his VEOA appeal within the 15-day statutory deadline.  The appellant's submission on review of an email dated November 15, 2017, establishes his receipt of the DOL

close-out letter dated November 14, 2017.[5] PFR File, Tab 14 at 24-26. In his email to the DOL investigator, the appellant states that he received the letter in person on November 15, 2017, and that he contests the dismissal of his VEOA complaint based on the 60-day statutory deadline. *Id.* Moreover, we find that the DOL close-out letter constitutes sufficient written notice to trigger the start of the 15-day filing period because the letter clearly informed the appellant that his case had been closed. IAF, Tab 1 at 4-5; *see* 5 U.S.C. § 3330a(c)(2), (d)(1)(B); *see also Shaver v. Department of the Air Force*, 106 M.S.P.R. 601, ¶ 4 n.2 (2007) (stating that the 15-day deadline to file a Board appeal does not begin to run until the complainant receives notice, in writing, that DOL's efforts to investigate and resolve the complaint did not result in resolution of the complaint). Thus, the appellant untimely filed his Board appeal by facsimile on December 14, 2017, beyond the 15-day statutory deadline. IAF, Tab 1; *see* 5 C.F.R. § 1201.4(*l*).

Moreover, we find that the appellant has not established any of the limited bases for equitably tolling the deadline. *See Gingery*, 110 M.S.P.R. 83, ¶ 24. The DOL close-out letter notified the appellant that he had the right to file a Board appeal within 15 calendar days from the date of his receipt of the letter. IAF, Tab 1 at 4-5. To the extent the appellant argues that his medical conditions warrant equitable tolling, we find that this does not provide a basis for applying equitable tolling in this matter. PFR File, Tab 7 at 18-19; *see Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶¶ 5-6 (2009) (discerning no error in the administrative judge's determination that the appellant's medical conditions did not justify applying equitable tolling to a VEOA filing deadline). Accordingly, we dismiss this VEOA appeal as untimely filed.[6]

Further, we forward the appellant's additional, unadjudicated VEOA claim (based on a DOL close-out letter dated January 19, 2018, concerning case number

---

[5] The parties' remaining submissions on review do not address the dispositive timeliness issue. PFR File, Tabs 7-32, 35-36.

[6] We deny the appellant's request for a stay to return to work. PFR File, Tab 7 at 27.

IL-2018-002-VPH) to the regional office for docketing as a new VEOA appeal.[7] IAF, Tab 11 at 22-23.

**NOTICE OF APPEAL RIGHTS[8]**

This Final Order constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[7] Although we make no jurisdictional or timeliness findings concerning the appellant's new VEOA appeal, we acknowledge that he filed the DOL close-out letter on January 25, 2018, in response to the administrative judge's jurisdictional order. IAF, Tab 11 at 22-23; *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) (explaining that the U.S. Supreme Court had allowed equitable tolling when the complainant "has actively pursued his judicial remedies by filing a defective pleading during the statutory period").

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.